IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EARNEST SIMMONS,                )
                                )
            Petitioner,          )
                                )
      v.                         )    1:11CV697
                                )
ALVIN W. KELLER, JR.,            )
                                )
            Respondent.          )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) On December 18, 2008, a jury in the Superior Court of Guilford County found Petitioner guilty of two counts of assault with a deadly weapon inflicting serious injury, one count of felonious hit and run, and one count of driving while license revoked in cases 08 CRS 23168, -78402, and -702131, respectively. (Docket Entry 6-4 at 31-33.)[1] As a result, Petitioner received consecutive sentences of 53 to 73 months, 53 to 73 months, 15 to 18 months, and 120 days of imprisonment. (Id. at 36-43.) Petitioner filed an unsuccessful direct appeal, State v. Simmons, No. COA09-1170, 204 N.C. App. 371 (table), 696 S.E.2d 202 (table), 2010 WL 2163771 (June 1, 2010) (unpublished), rev. denied, 364 N.C. 331, 701 S.E.2d 672 (2010), but did not otherwise seek relief in state

---

[1] The jury also found Petitioner guilty of an assault inflicting serious injury (Docket Entry 6-4 at 31), but the trial court arrested judgment on that offense, see State v. Simmons, No. COA09-1170, 204 N.C. App. 371 (table), 696 S.E.2d 202 (table), 2010 WL 2163771, at *1 & n.1 (June 1, 2010) (unpublished), rev. denied, 364 N.C. 331, 701 S.E.2d 672 (2010).

court (Docket Entry 2, § 10). He then filed his instant Petition in this Court. (Docket Entry 2.) Respondent has filed a Motion for Summary Judgment. (Docket Entry 5.) Despite receiving notice of his right to file a response opposing that motion (Docket Entry 7), Petitioner has not done so (see Docket Entries dated Sept. 20, 2011, to present).

### **Petitioner's Claim**

Petitioner raises only a single claim for relief in his Petition: that his rights were violated because the State "had no evidence to the 2 assaults with a deadly weapon inflicting serious injury charges, no experts, no doctors, no ambalance [sic] workers, ext, ext, just the word of the so called victims [sic]." (Docket Entry 2, § 12, Ground One Supporting Facts.)

### **Facts**

The basic facts of the case, as set out by the North Carolina Court of Appeals, are as follows:

> The State's evidence tends to show that, during the afternoon of 1 February 2008, Ms. [Crystal] Roseberry was taking her mother, Ms. [Rhoda] Caulder, for a ride in Ms. Roseberry's newly-acquired Jeep when an approaching vehicle crossed over into her lane of travel and collided with her vehicle. The driver of the other vehicle exited his vehicle and walked away. Ms. Roseberry and Ms. Caulder identified defendant as the driver and sole occupant of the other vehicle.
>
> Officer Brent Kinney of the High Point Police Department investigated the accident. Officer Kinney testified that, when he arrived at the scene, he observed a Jeep Cherokee occupied by two females and an unoccupied Ford Tempo. His subsequent research into information contained in vehicle registration records disclosed that the Ford was jointly owned by Lisa Hatfield and defendant Earnest Joseph Simmons.

-2-

> Officer Kinney located defendant later that evening at the Budget Inn in Thomasville, North Carolina. At that time, Officer Kinney observed that defendant had several facial injuries, including a fresh abrasion of his nose, a swollen left eye, and a laceration over his left eye.

Simmons, 2010 WL 2163771, at *1.[2]

## **Discussion**

Petitioner challenges the sufficiency of the evidence to support his convictions for assault with a deadly weapon inflicting serious injury. This claim requires this Court to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in the original). A court reviewing the sufficiency of the evidence "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). It has further been held that "circumstantial evidence may support a verdict of guilty, even though it does not exclude every reasonable hypothesis consistent with innocence." United States v. George, 568 F.2d 1064, 1069 (4th Cir. 1978).

In addition, because Petitioner raised this claim on direct appeal and had it adjudicated on the merits by the North Carolina Court of Appeals, this Court must apply the deferential standards

---

[2] The trial evidence reflected that Petitioner had been drinking beer shortly before the collision. (Docket Entry 6-11 at 69-71, 76.)

-3-

of 28 U.S.C. § 2254(d). That statute precludes habeas relief in cases where a state court has considered a claim on its merits unless the Petitioner shows that the decision was contrary to or involved an unreasonable application of clearly established federal law as set out by the United States Supreme Court <u>or</u> the state court decision was based on an unreasonable determination of the facts. <u>See</u> 28 U.S.C. § 2254(d); <u>Cullen v. Pinholster</u>, ___ U.S. ___, ___, 131 S. Ct. 1388, 1398 (2011) (holding that "petitioner carries the burden" under § 2254(d)). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. <u>Williams v. Taylor</u>, 529 U.S. 362, 406 (2000). A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." <u>Id.</u> at 407. "Unreasonable" does not mean simply "incorrect" or "erroneous" and the Court must judge the reasonableness of the state court's decision from an objective, rather than subjective, standpoint. <u>Id.</u> at 409-11. Finally, state court findings of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

These standards apply even where the state court does not cite to federal law or explain its reasoning. <u>Early v. Packer</u>, 537 U.S.

3, 8 (2002) (ruling that state court need not cite relevant Supreme Court cases for decision to merit deference); <u>Bell v. Jarvis</u>, 236 F.3d 149, 158 (4th Cir. 2000) ("In this case, the North Carolina state court did not articulate the rationale underlying its rejection of [the petitioner's] Sixth Amendment claim.  However, we may not presume that the summary order is indicative of a cursory or haphazard review of the petitioner's claims.  Rather, the state court decision is no less an adjudication of the merits of the claim and must be reviewed under the deferential provisions of § 2254(d)(1)." (internal brackets and quotation marks omitted)).

Here, the North Carolina Court of Appeals adjudicated Petitioner's insufficient evidence claim in the following manner:

> The elements of assault with a deadly weapon inflicting serious injury in violation of N.C. Gen. Stat. § 14-32(b) are (1) an assault (2) with a deadly weapon (3) inflicting serious injury (4) not resulting in death. <u>State v. Aytche</u>, 98 N.C. App. 358, 366, 391 S.E.2d 43, 47 (1990). According to defendant, the State failed to present sufficient evidence to establish that either Ms. Caulder or Ms. Roseberry sustained a serious injury. Defendant concedes that the State presented sufficient evidence to establish all of the other elements of the offenses for which he was convicted.
>
> "Whether a serious injury has been inflicted depends upon the facts of each case and is generally for the jury to decide under appropriate instructions." <u>State v. Hedgepeth</u>, 330 N.C. 38, 53, 409 S.E.2d 309, 318 (1991), <u>cert. denied</u>, 529 U.S. 1006, 146 L.Ed.2d 223 (2000). "Cases that have addressed the issue of the sufficiency of evidence of serious injury appear to stand for the proposition that as long as the State presents evidence that the victim sustained a physical injury as a result of an assault by the defendant, it is for the jury to determine the question of whether the injury was serious." <u>State v. Alexander</u>, 337 N.C. 182, 189, 446 S.E.2d 83, 87 (1994). Factors a jury may consider in determining whether a serious injury has been inflicted include hospitalization, pain, loss of blood, or

inability to work. State v. Owens, 65 N.C. App. 107, 111, 308 S.E.2d 494, 498 (1983).

Ms. Caulder testified that she injured her back as a result of the accident, that she "couldn't move from where [she] had been slammed from the impact," that she "couldn't twist her body," that she went to the emergency room on the day of the accident for treatment, that she was referred to a chiropractor and a "bone and joint specialist" for follow-up treatment, that she is in pain "24/7," that she is unable to work except under strict doctor's orders, and that, in the aftermath of the accident, she could no longer work and pick up her grandchildren. We hold that, based upon the foregoing testimony, a jury could reasonably find that defendant inflicted serious injury upon Ms. Caulder. Although defendant argues that much, if not all, of the evidence that tends to support a finding that Ms. Caulder sustained a serious injury at the time of the collision was inadmissible due to the absence of expert medical testimony linking the injuries that she sustained to the collision as is required by the principles enunciated in Gillikin v. Burbage, 263 N.C. 317, 325, 139 S.E.2d 753, 760 (1965) (stating that a disk condition is "so far removed from the usual and ordinary experience of the average man that expert knowledge is essential to the formation of an intelligent opinion," that "physical processes [that] produce a ruptured disk belong to the mysteries of medicine," and that "'[w]here a layman can have no well-founded knowledge and can do no more than indulge in mere speculation (as to the cause of a physical condition), there is no proper foundation for a finding by the trier without expert medical testimony'") (quoting Burton v. Holden & Martin Luther Co., 112 Vt. 17, 19, 20 A.2d 99, 100 (1941)), defendant's argument does not provide any basis for a successful challenge to the trial court's denial of his motion to dismiss the assault with a deadly weapon inflicting serious injury charge relating to Ms. Caulder since all of the evidence, regardless of whether that evidence was properly admitted, State v. Fritsch, 351 N.C. 373, 379, 526 S.E.2d 451, 455 (2000), cert. denied, 531 U.S. 890, 148 L.Ed.2d 150 (2000); State v. Jones, 342 N.C. 523, 540, 467 S.E.2d 12, 23 (1996), is considered in evaluating a challenge to the sufficiency of the evidence to support a conviction. As a result, defendant's challenge to the admissibility of Ms. Caulder's testimony concerning the extent of her injuries does not provide any basis for a valid challenge to the sufficiency of the evidence to support the "serious injury" element of assault with a deadly weapon inflicting serious injury.

> Similarly, Ms. Roseberry testified that she sustained a knee injury in the collision, which left it "swolled up and bruised." Ms. Roseberry sought treatment for her knee injury in the emergency room, where "they put it in a splint because I could not walk on it." In addition, Ms. Roseberry claimed that she suffered a disk "separation," causing her to "end[] up going to a chiropracter for my back for about a month and a half" before she requested to be released "because I had no income and I had kids, so I couldn't continue with [chiropractic care] and trying to work, too." Ms. Roseberry testified that she "was in a lot of pain," that she used crutches for "a couple of weeks" after the collision, that she still has pain, that her "knee just starts throbbing real bad" when "the weather is bad," and that her "back always hurts[.]" Although defendant argues that Ms. Roseberry's injuries did not rise to the level of a "serious injury" as that term is used in N.C. Gen. Stat. § 14-32(b) and that "[a] witness' bare conclusions that she suffers from certain ailments without connecting those ailments in any way to the assault is insufficient to support the charge," we conclude, for the reasons set forth above, that Ms. Roseberry's testimony that her injuries resulted from the collision is sufficient to establish a causal link between her injuries and the collision and that a reasonable juror could, but need not, find that the injuries that Ms. Roseberry described in her testimony are "serious injuries" for purposes of N.C. Gen. Stat. § 14-32(b). As a result, the trial court did not err by denying defendant's motion to dismiss the charge that defendant committed an assault with a deadly weapon inflicting serious injury upon Ms. Roseberry.

Simmons, 2010 WL 2163771, at *2-3 (brackets in original).

The foregoing adjudication of Petitioner's claim was not contrary to, or an unreasonable application of, established Supreme Court precedent. As the North Carolina Court of Appeals described, both of Petitioner's victims gave testimony concerning their injuries and the jury determined that those injuries were serious as defined by North Carolina law. Petitioner complains that further evidence, such as the testimony of doctors or emergency workers was not introduced. However, he cites to no United States Supreme Court case, and the Court knows of none, which would require such

-7-

testimony concerning physical injury from an automobile collision. Nor has Petitioner cited any case law from the United States Supreme Court that would render victim testimony somehow improper. In sum, Petitioner has shown no violation of [his] federal constitutional rights. His Petition should be denied and Respondent's Motion for Summary Judgment should be granted.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion For Summary Judgment (Docket Entry 5) be granted, that the instant Petition (Docket Entry 2) be denied, and that Judgment be entered dismissing this action.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

**October 12, 2012.**

-8-

Case 1:11-cv-00697-WO-LPA   Document 10   Filed 10/12/12   Page 8 of 8